IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 283

| | | |
|---|---|---|
| JACQUALYN LANIER and JIMMY MASSEY | ) ) ) | |
| Plaintiffs, | ) ) ) | ORDER |
| v. | ) ) | |
| PUBLIX SUPER MARKETS, INC. and PUBLIX NORTH CAROLINA, LP, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion for Reconsideration to Allow Court Appointed Defender (the "Motion for Reconsideration," Doc. 20) and Plaintiffs' letter regarding the Pro Se Settlement Assistance Program filed on January 22, 2020 (the "Letter," Doc. 21).

I.  Motion for Reconsideration

Plaintiffs previously requested that a "public defender" be appointed for them. On January 8, 2020, the Court conducted a status conference as well as a hearing on Plaintiffs' request. See Docs. 16 & 17.

The Court denied Plaintiffs' motion and explained that litigants in civil cases do not have a constitutional right to counsel and that appointments in

1

civil cases are made "only in exceptional circumstances," which the Court did not find to be present here. Doc. 17.

Courts allow motions for reconsideration only in limited circumstances. See Hinton v. Henderson 3:10cv505, 2011 WL 2142799, at * 1 (W.D.N.C. May 31, 2011). "The purpose of a motion to reconsider is to present the Court with newly discovered evidence or to correct manifest errors of law in a prior order." Id. (citing Directv, Inc. v. Hart, 366 F.Supp.2d 315, 317 (E.D.N.C. 2004)). Such motions are not appropriate where the movant "merely asks the court 'to rethink what the Court has already thought through – rightly or wrongly.'" Directv, Inc. 366 F.Supp.2d at 317.

In support of Plaintiffs' Motion for Reconsideration, Plaintiffs assert that Ms. Lanier is 100% disabled based on a rare diagnosis of Pudendal Neuralgia. Doc. 20, p. 1. While the Court is cognizant of Ms. Lanier's claims, Plaintiffs made similar arguments in support of their previous request and otherwise have not demonstrated why the Court's previous ruling should be revisited. See Doc. 16, p. 1 ("Proper representation in this case is desperately needed; consideration due to the ongoing Catastrophic nature of this case.").

Accordingly, Plaintiffs' Motion for Reconsideration will be denied.

II. Pro Se Settlement Assistance Program

Plaintiffs' Letter states that Plaintiffs believe they are not eligible to participate in this District's pro se settlement assistance program ("Program")

2

because "Jacqualyn Lanier is currently in an actively pending Social Security Disability Cessation Case." Doc. 21, p. 1. However, the fact that Ms. Lanier may have a separate pending social security matter does not preclude participation in the Program with respect to this case, which is a personal injury claim and not an appeal of the denial of an application for social security benefits.

As Plaintiffs apparently misunderstood the coverage of the Program, they will be allowed a brief extension of time within which to consider opting into the Program. Further action with respect to the entry of a Pretrial Order and Case Management Plan will be deferred during this time. No additional extensions of the opt in period will be allowed, however, absent compelling circumstances.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiffs' Motion for Reconsideration to Allow Court Appointed Public Defender (Doc. 20) is **DENIED.**

2. Plaintiffs shall have to and including **February 5, 2020** within which to decide whether to participate in the Program and to return the completed form to the Clerk of Court in Asheville.

Signed: January 27, 2020

W. Carleton Metcalf
United States Magistrate Judge