IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00283-MR

| | |
|---|---|
| JACQUALYN LANIER and<br>JIMMY MASSEY,<br><br>     Plaintiffs,<br><br>vs.<br><br>PUBLIX SUPER MARKETS, INC.<br>and PUBLIX NORTH<br>CAROLINA, LP,<br><br>     Defendants. | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants "Motion for Summary Judgment and Alternative Motion to Dismiss Pursuant to Rule 41(b) for Plaintiffs' Failure to Prosecute and Comply with Rules of Civil Procedure and Orders of This Court" [Doc. 34].

## I. BACKGROUND

On May 22, 2019, Jacqualyn Lanier and Jimmy Massey (the "Plaintiffs") filed a complaint in Buncombe County Superior Court against Public Super Markets, Inc. and Publix North Carolina, LP (the "Defendants") asserting claims for negligence and loss of consortium stemming from a slip and fall at one of the Defendants' supermarkets in Asheville, North Carolina.

[Doc. 1-2]. On October 1, 2019, the Defendants removed the action to this Court after becoming aware that the amount in controversy exceeds $75,000. [Doc. 1 at 3].

On October 4, 2019, the Plaintiffs' counsel informed the Court that she was going to move to withdraw because she is not admitted to practice in federal court. [Doc. 7]. On November 1, 2019, the Plaintiffs' counsel filed a Motion to Withdraw. [Doc. 11]. On November 15, 2019, the Honorable Magistrate Judge W. Carleton Metcalf held a hearing and granted counsel's motion to withdraw. [Doc. 12]. The Plaintiffs have not secured new counsel and have opted-out of the Court's *pro se* settlement assistance program. [Doc. 28]. Instead, the Plaintiffs are proceeding *pro se*.

On October 13, 2020, the Defendants filed the present "Motion for Summary Judgment and Alternative Motion to Dismiss Pursuant to Rule 41(b) for Plaintiffs' Failure to Prosecute and Comply with Rules of Civil Procedure and Orders of This Court" [Doc. 34]. That Motion contends that the Plaintiffs have each failed to respond to the Defendants' First Requests for Admissions, which asked the Plaintiffs to admit that the "Defendants were not negligent in any manner as alleged in Plaintiffs' Complaint and Defendants are entitled to an Order from the Court dismissing the Plaintiffs' Complaint in this matter, with prejudice." [Doc. 34-1 at 4; Doc. 34-2 at 2].

The Defendants contend that those requests are deemed admitted under by virtue of the Plaintiffs failure to respond. [Doc. 34 at 2-3].[1]

On November 2, 2020, the Court entered a Roseboro Order advising the Plaintiffs of the heavy burden that they carry in responding to the Defendants' Motion for Summary Judgment and directing them to respond to the Defendants' Motion. [Doc. 36]. The Order also instructed the Plaintiffs to show cause in writing why this action should not be dismissed due to the Plaintiffs' failure to comply with the Federal Rules of Civil Procedure and the Court's Orders. [Id. at 5].

On December 2, 2020, the Plaintiffs responded. [Doc. 39]. The Plaintiffs seem to assert that the Defendants previously made a Motion for Summary Judgment before the Buncombe County Superior Court that was denied without prejudice. [Doc. 39-3]. The Plaintiffs' other arguments are unclear, but they do not appear to be directed at the Plaintiffs' failure to respond to the Defendants' First Requests for Admissions.

---

[1] The Defendants also ask the Court to dismiss the case under Federal Rule of Civil Procedure 41(b) because the Plaintiffs allegedly failed to serve initial disclosures that complied with Federal Rule of Civil Procedure 26; failed to respond to the Defendants' First Sets of Interrogatories and First Requests for Product of Documents; failed to respond to the Defendants' First Requests for Admissions; and failed to appear at scheduled depositions. [Id. at 4-6].

3

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers, admissions, stipulations, affidavits, and other materials on the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)&(c). "As the Supreme Court has observed, 'this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"Facts are material when they might affect the outcome of the case, and a genuine issue exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." Ballengee v. CBS Broad., Inc., 968 F.3d 344, 349 (4th Cir. 2020) (quoting News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010)). The Court does not make credibility determinations or weigh the evidence when ruling a motion for summary judgment. Guessous v. Fairview Prop. Invs., LLC, 828 F.3d 208, 216 (4th Cir. 2016). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary

judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522. If this showing is made, the burden then shifts to the nonmoving party who must convince the Court that a triable issue does exist. Id.

In considering the facts on a motion for summary judgment, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor. Smith v. Collins, 964 F.3d 266, 274 (4th Cir. 2020).

## III. DISCUSSION

In the Court's Roseboro Order, the Plaintiffs were advised that, in response to a motion for summary judgment, they carry the burden of presenting a forecast of evidence to show that there is a genuine issue of fact for trial, and that if they have any such evidence, they are required to present it to this Court in a manner permitted by Rule 56(c) of the Federal Rules of Civil Procedure. [Doc. 36]. While the Plaintiffs have responded to the Defendants' Motion for Summary Judgment [Doc. 39], this response does not include any forecast of evidence from which a jury could find in their favor. As the Plaintiffs have failed to a present a genuine issue of fact for trial, the Defendants are entitled to summary judgment on the Plaintiffs' claims of negligence and loss of consortium.

5

In addition to their failure to present a forecast of evidence in response to the Defendants' Motion for Summary Judgment, the Plaintiffs failed to respond to the Defendants' requests for admission during the discovery period. Under Federal Rule of Civil Procedure 36(a)(3), a matter in a request for admission "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Because the Plaintiffs failed to respond to the Defendants' First Requests for Admissions, those requests are deemed admitted.[2] Id. Accordingly, the Plaintiffs have admitted, among other things, that the "Defendants were not negligent in any manner as alleged in Plaintiffs' Complaint[,]" that the Plaintiffs are "not entitled to recover compensatory or any other damages, any judgment, or any cost of litigation or attorneys' fees from Defendants as a result of . . . the subject of Plaintiffs' Complaint in this case[,]" and that the "Defendants are entitled to an Order from the Court dismissing the Plaintiffs' Complaint in this matter, with prejudice." [Docs. 34-1; 34-2].

---

[2] The Court notes that the Plaintiffs not only failed to respond to the Requests for Admissions within the thirty days as required by Rule 36, they failed to respond at all in the four months since the requests were served.

In sum, the Plaintiffs have failed to present a forecast of evidence from which a reasonable jury could find that the Defendants were negligent. Further, by their failure to respond to the Defendants' request for admissions, they are deemed to have admitted that they are not entitled to recover any damages. As such, the Plaintiffs cannot maintain a claim for negligence or loss of consortium.[3] Accordingly, the Defendants are entitled to summary judgment on those claims, and this case will be dismissed.[4]

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 34] is **GRANTED** and the Plaintiffs' claims for negligence and loss of consortium are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Defendants' "Alternative Motion to Dismiss Pursuant to Rule 41(b) for Plaintiffs' Failure to Prosecute and Comply with Rules of Civil Procedure and Orders of This Court" [Doc. 34] is hereby **DENIED** as moot.

---

[3] The Plaintiffs also present no forecast of evidence in response to the Defendants' Motion for Summary Judgment to show that the Defendants were negligent or responsible for any loss of consortium.

[4] The Plaintiffs' failure to prosecute this matter also constitutes a basis for dismissing the claims under Federal Rule of Civil Procedure 41(b).

7

**IT IS SO ORDERED.**

Signed: December 28, 2020

Martin Reidinger
Chief United States District Judge